[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE:
CT Page 13620 MOTION #106, MOTION FOR SUMMERY JUDGMENT
 FACTS
This is an action that was commenced as a one count complaint wherein the plaintiff asserts that it entered into an agreement with the defendant AAA Pace Services, Inc. and the defendant John Acanfora as personal guarantor.
The agreement was a fifty thousand dollar ($50,000.00) promissory note dated May 3, 1999.
On March 5, the plaintiff advised "the Defendant" that the Note was in default in that the required payment of the amount due on December 3, 2000, as well as payments thereafter through the date of the Complaint.[1]
Plaintiff asserts on December 3, 2000, the principal sum owed on the Note was forty one thousand two hundred sixty four dollars and ninety two cents ($41,264.92), and that although demand was made the Defendant has failed, refused and neglected to pay the debt.
The both defendants have appeared in this matter, and on July 10, 2001, filed an Answer to the Complaint. Significantly, the defendants denied paragraph 7 of the Complaint. This paragraph provided that: "Although demand was made the Defendant has failed, refused and neglected to pay this debt".
By way of a pleading filed September 4, 2001, and entitled "Motion for Summary Judgment as to AAA Pace Services, Inc. Only, the plaintiff moves that Summary Judgment be entered against said defendant. No briefs, memorandum or affidavits have been filed in opposition to the motion.
 DISCUSSION
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for CT Page 13621 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The plaintiff filed the following documents along with its motion:
1) A copy of the Promissory Note; and
2) An affidavit of Interest; and
3) An Affidavit of Debt; and
4) An affidavit of Attorney's Fees; and
5) A Bill of Costs.
Plaintiff's Affidavit of Debt provides that affiant has personal knowledge of the books of the plaintiff Citizen's Bank. It goes on to provide that the Promissory Note that is the subject of this action is in default and as of the execution of the affidavit there was forty one thousand two hundred sixty four dollars and ninety two cents ($41,264.92) in damages plus interest, late charges, reasonable attorney's fees and cost of litigation. CT Page 13622
Plaintiff's Affidavit of Interest provides that the interest calculated pursuant to the terms of the Promissory Note at a rate of 2.750% above the Wall Street Journal Prime Rate amounted to three thousand five hundred seventy eight dollars and twenty one cents
Although the defendants have denied paragraph seven (7) of the Complaint, the Court comes to the conclusion that the Affidavits provided by plaintiff show that there are no genuine issues as to any material facts. Accordingly, Summary Judgment may enter in favor of the plaintiff, Citizen's Bank against the defendant AAA Pace Services, Inc. So Ordered
Richard A. Robinson, J.